The opinion of the court was delivered by
Breaux, J.
The defendant was indicted for murder. He was found guilty of manslaughter and sentenced to imprisonment at hard labor for the term of twenty years.
His grounds of appeal are before us as set forth in two bills of exceptions. The first bill was taken to the ruling of the court refusing to exclude from the jury a juror who was incompetent, it was alleged.
The second bill was taken to the ruling of the court refusing to sustain defendant’s ground based upon the alleged lack of proof to establish the corpus delicti.
Recurring to the grounds stated in the first bill of exceptions, it appears that the accused had exhausted his peremptory challenges when the juror was presented by the State.
It appears of record that the juror had heard some of the particulars of the death of a man who had been stabbed, and who died a few hours after the wound had been inflicted. The juror was informed by the prosecuting officer that the man was shot, and that he lived some two or three days after the shooting. The witness was in some doubt, it appears, whether he had heard of the ease or not. He had read in the newspapers the evidence as published of *1059 the witnesses as taken down before the coroner’s inquest about two .years prior to the trial. He was under the impression that it was the same case as that before the court when he was examined as a juror; if it was, he had formed an opinion at the time. The juror said that this opinion would have no weight, and that he would try 1;he case upon the evidence and the law as given, disregarding any impression or opinion and give the accused a fair trial.
The juror declared that he was free from all bias or prejudice. The ■opinion formed after reading newspaper accounts and reports of preliminary evidence are not sufficient ground for excluding a juror who swears that he can disregard the opinion and that he will be governed by the evidence upon the trial and the law as applying. State vs. Coleman, 27 An. 691; State vs. De Rance, 34 An. 186; State vs. Ford, 37 An. 443.
This is a stronger case for the State. The juror was not absolutely ■certain that the case was the same as the case, the report of which he had read; he was not fixed in his opinion, while in the cited cases the jurors had formed a deliberate opinion, which they, however, admitted would not influence them on the trial.
The juror in the ease before us makes a similar avowal in terms equally as emphatic.
The grounds we have just reviewed not being cause to annul the verdict, we are brought to a consideration of the second bill of exception taken to the court’s refusal to grant defendant’s motion for a new trial, made on the ground that the State had not established the corpus delicti.
Aliter, the court certifies that the corpus delicti was established.
The trial judge in his charge stated the essentials in a trial for murder, the first being: the death must be distinctly proved and the cause of death shown.
After having heard the witnesses, and after the charge, to which no objection was made, had been given, the jury found a verdict which could not have been correctly found, without proof of death and of the cause of death. The verdict returned; the charge of the court and the statement of the judge made part of the bill of exception render it impossible to conclude the State had failed to estab-lis the corpus delicti.
The evidence showed that a homicide had been committed and that the defendant had fired upon the deceased. He was, after he *1060 had been wounded, taken to the Charity Hospital, where he died a few days after he had been shot. The trial judge said to the jury in his charge that the corpus delicti must be established to find a verdict of guilty, and in his statement in the bill of exception he certifies that, in his opinion, the corpus delicti was established beyond a reasonable doubt.
In support of this statement he refers to the proximity of the prisoner to the deceased at the time the fatal shot was fired, the wounding in a vital part and the acts of the deceased at the time, the viewing of the wound in the stomach by witnesses, his immediate conveyance to the Charity Hospital after the wounding and his death there within the third day after the shooting. He states further that no suggestion was made, nor the slightest “ suspicion created that he had died from any other cause, and that had this been a fact it could have, been easily established by physicians at the Charity Hospital that no attempt whatever was made to controvert the natural inference from these facts, but on the contrary, the defence was ‘ self-defence,’ which admits the killing.”
In reading the testimony we found that to the question propounded: “ Did you see anything of the trouble which resulted in the killing of a man named Anthony Atzenhoffer on the 8th of November, 1895, at the car station on Tulane avenue?”
Witness answered affirmatively and gave a succinct account of the shooting.
In our judgment the narrative of the trial judge in the bill of exception is sustained by the evidence.
If the question of fact be considered as one blended with law, and as such subject to review, the ground is not, in our view, sufficient to grant a new trial.
We have considered the points urged in the light most favorabfe to the accused and have found no ground upon which he can be relieved.
It is therefore ordered and adjudged that the judgment appealed from is affirmed.